UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   EDCV 23-544-MWF (KS)                                               Date: April 19, 2023

Title   *Thyrone Ryan Stewart v. James Hill, et al.*

Present: The Honorable:   Karen L. Stevenson, Chief Magistrate Judge

|          Gay Roberson          |          N/A          |
|--------------------------------|-----------------------|
|          Deputy Clerk          | Court Reporter / Recorder |

Attorneys Present for Petitioner: N/A     Attorneys Present for Respondent: N/A

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On March 27, 2023, Petitioner, a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.)[1]  According to the Petition, Petitioner challenges his January 5, 2001 sentence ("January 2001 sentence") resulting from "two counts of spousal battery" and "a prison prior." (Petition at 1.)[2]  The Petition indicates that Petitioner appealed his judgment of conviction to the California Court of Appeal, which affirmed his conviction on April 2, 2002. (*See* Petition at 3.)  Petitioner subsequently filed a habeas petition in 2004 in state court with respect to the judgment. (*Id.* at 5.)  Petitioner does not provide any details surrounding the outcome of his 2004 state court habeas petition. (*Id.*)

### PETITIONER'S PREVIOUS PETITIONS

Petitioner first challenged his January 2001 sentence in an unsuccessful petition for habeas corpus filed in this district in 2002. (*See Thyrone Ryan Stewart v. A A LaMarque*, No. EDCV 2-1274-GHK (MAN).)  In Ground Two of that petition, Petitioner argued that the sentence, imposed under California's Three Strike's law, violated the Eighth Amendment's prohibition on cruel and unusual punishment. (*See id.*, Dkt. No. 19 at 4.)  On March 1, 2005, the Honorable George H. King issued an order denying habeas relief and dismissing the action with prejudice. (*Id.*, Dkt. Nos. 22-23.)

---

[1]     Petitioner paid the $5.00 filing fee on April 12, 2023. (Dkt. No. 5.)

[2]     For ease of reference, the Court cites to the page numbers assigned by the Court's electronic case filing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 23-544-MWF (KS)                                                   Date: April 19, 2023

Title       *Thyrone Ryan Stewart v. James Hill, et al.*

On February 9, 2015, Petitioner filed another habeas petition in this Court, again challenging his sentence under California's Three Strikes Law as "illegal" and in violation of his Sixth Amendment rights and arguing that he should be eligible for resentencing under California's Proposition 36. (*See Thyrone Ryan Stewart v. Perez*, No. EDCV 15-245-GHK (KS), Dkt. No. 1.) On February 2, 2016, the district court adopted the magistrate judge's Report and Recommendation denying habeas relief and entered judgment dismissing the action with prejudice. (*Id.*, Dkt. Nos. 22-23.)

On December 23, 2015, Petitioner filed another Petition for Writ of Habeas Corpus, arguing that his sentence is "an illegal sentence," because it is excessive and violates the Eighth Amendment's prohibition against cruel and unusual punishment. (*See Thyrone Ryan Stewart v. Superior Court of Riverside*, No. EDCV 15-2629-GHK (KS), Dkt. No. 6 at 1.) Petitioner also argued that he was subject to resentencing because of an alleged "forgery" in the Amended Abstract of Judgment. (*Id.* at 2.) On February 8, 2016, the Honorable George H. King issued an order denying Petitioner's request to proceed *in forma pauperis* ("IFP") and dismissing the action with prejudice. (*See id.*, Dkt. Nos. 8-9.)

On April 30, 2018, Petitioner filed another Petition for Writ of Habeas Corpus. (*See Thyrone Ryan Stewart v. CIM*, No. EDCV 18-909-RSWL (KS), Dkt. No. 1 at 1.) Petitioner argued that "the Superior Court refuses to understand the fact that priors that are not imposed can't be used to enhance or add to a sentence, if they weren't orally pronounced by the Judge." (*Id.* at 6.) On June 19, 2018, after Petitioner filed an amended petition, the Court dismissed the petition as second or successive. (*See id.*, Dkt. Nos. 8-9.) On March 1, 2019, the United States Court of Appeals for the Ninth Circuit denied Petitioner's request for a certificate of appealability. (*Id.*, Dkt. No. 18.)

Petitioner filed another Petition for Writ of Habeas Corpus on January 13, 2023, which was dismissed on March 6, 2023 after Petitioner failed to file an IFP request or pay the filing fee. (*See Thyrone Ryan Stewart v. Rob Bonta*, No. EDCV 23-137-MWF (KS), Dkt. Nos. 1, 7.)

In the instant Petition, filed on March 27, 2023, Petitioner attacks the same January 2001 sentence that he has attacked in his prior federal habeas petitions ("Prior Federal Petitions"). (*See* Petition.) Petitioner specifically asserts that his "Sixth and Fourteenth Amendment, was and is being violated due to the use of the 'one year prior prison term.'" (*Id.* at 7.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  EDCV 23-544-MWF (KS)                                                    Date: April 19, 2023

Title   *Thyrone Ryan Stewart v. James Hill, et al.*

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Thus, Rule 4 reflects Congress's intent for the district courts to take an active role in summarily disposing of facially defective habeas petitions.  *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).  However, a district court's use of this summary dismissal power is not without limits.  *Id.* at 1128.  A habeas court must give a petitioner notice of the defect and the consequences for failing to correct it as well as an opportunity to respond to the argument for dismissal.  *Id.*  Here, the Court has identified a defect suggesting that the Petition must be dismissed as second or successive.

The Petition, like the Prior Federal Petitions, concerns Petitioner's January 2001 sentence.  (Petition at 1.)  State habeas petitioners generally may only file one federal habeas petition challenging a particular state conviction and/or sentence.  *See* 28 U.S.C. § 2244(b)(1) (courts shall dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition); *see also* § 2244(b)(2) (with certain exceptions, courts shall dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition).  "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition.  *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *see also Gage v. Chappell*, 793 F.3d 1159, 1165 (9th Cir. 2015) (claims for which the factual predicate existed at the time of the first habeas petition qualify as second or successive).

Even when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition, state habeas petitioners seeking relief in this district court must first obtain authorization from the Ninth Circuit before filing any such second or successive petition.  28 U.S.C. § 2244(b)(3).  The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)."  *Burton v. Stewart*, 549 U.S. 147, 153 (2007).

Petitioner sought Section 2254 relief based on the same state sentence at issue here in the Prior Federal Petitions.  As discussed above, this Court denied the petitions in the Prior Federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  EDCV 23-544-MWF (KS)                                                    Date: April 19, 2023

Title    *Thyrone Ryan Stewart v. James Hill, et al.*

Petitions on March 1, 2005, February 2, 2016, and February 8, 2016 with prejudice.  (*See* Nos. EDCV 2-1274-GHK (MAN); EDCV 15-245-GHK (KS); EDCV 15-2629-GHK (KS).) Therefore, in order for this Court to consider a second or successive Section 2254 petition, Petitioner must first seek authorization from the Ninth Circuit for the district court to consider Petitioner's instant Petition.  28 U.S.C. § 2244(b)(3).

The Court's review of the Ninth Circuit's docket reflects that Petitioner has attempted to obtain authorization, but the Ninth Circuit has denied his requests.  It appears that Petitioner's most recent request was denied on March 1, 2019.  (*Thyrone Stewart v. Dean Borders, et al.*, Dkt. # 18-56132, Entry # 8.)  The Ninth Circuit denied Petitioner's similar requests on April 20, 2011 (*Thyrone Stewart v. The People of the State of Cal.*, Dkt. # 11-70449, Entry # 3) and August 9, 2006 (*Stewart, et al. v. Yates*, Dkt. # 6-73278, Entry # 7).

Accordingly, the instant Petition is barred as second or successive within the meaning of Section 2244(b).  *See* 28 U.S.C. § 2244(b); *see also Burton*, 549 U.S. at 157 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court); *McNabb*, 576 F.3d at 1030 (holding "that dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA, 28 U.S.C. § 2244(b)").[3]  The Ninth Circuit has expressly barred Petitioner from filing a second or successive petition on the issues he presents here.

**CONCLUSION**

**Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of this Order why the Petition should not be dismissed** as second or successive.  *See* 28 U.S.C. § 2244(b)(2); *see also Burton*, 549 U.S. at 157.

---

[3]    To the extent Petitioner asks this Court to decide "whether SB 483, requires [sic] the court to consider the enhancements hear [sic] legally invalid" (Petition at 8), Petitioner's request must be denied because the Court's role is "neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution."  *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  EDCV 23-544-MWF (KS)                                        Date: April 19, 2023

Title  *Thyrone Ryan Stewart v. James Hill, et al.*

     To discharge the Order to Show Cause, Petitioner must file, no later than thirty (30) days from the date of this Order: (1) a First Amended Petition for Writ of Habeas Corpus that explains why his Petition is not second or successive; or (2) authorization from the Ninth Circuit to file a second or successive petition.

     **Petitioner's failure to timely show cause for proceeding with this action <u>will</u> result in the Court recommending dismissal pursuant to Rule 4 of the Habeas Rules, Local Rule 41-1, and Rule 41 of the Federal Rules of Civil Procedure.**

     If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss it by filing a signed document entitled "Notice Of Voluntary Dismissal" in accordance with Federal Rule of Civil Procedure 41(a)(1).

|  | : |
|---|---|
| **Initials of Preparer** | gr |