UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THYRONE RYAN STEWART,<br><br>Petitioner<br><br>v.<br><br>JAMES HILL, et al.,<br><br>Respondents. | Case No. EDCV 23-0544-MWF (KS)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING A CERTIFICATE OF APPEALABILITY** |

On June 7, 2023, the assigned Magistrate Judge issued a Report and Recommendation ("Report") recommending the Court dismiss this action without prejudice because the operative First Amended Petition ("FAP") was an unauthorized second or successive petition under 28 U.S.C. § 2244(b)(2). (Docket No. 12). That same day, the Clerk of the Court issued a notice to Petitioner that he could file objections to the Report. (Docket No. 11). However, no objections were received.

On July 24, 2023, the United States Court of Appeals for the Ninth Circuit issued an order explaining that Petitioner had filed a federal habeas petition in that court that references this action and included a "Motion for C.O.A. And objection to Recommendation," which appeared to be Petitioner's objections to the June 7, 2023 Report in this case. (Docket No. 13). Because federal habeas petitions must be

made to the district court, the Ninth Circuit transferred the filing to this Court "for whatever consideration [it] deems appropriate." (Docket No. 13 at 1-2; Docket No. 13-1).

The Court has reviewed the petition filed in the Ninth Circuit and it is a photocopy of the FAP at issue here. (*Compare* Docket No. 8 at 1-10 *with* Docket No. 13-1 at 1-10). As such, the Court interprets Petitioner's filing as a whole as his objections to the Report in this case, and a request for a certificate of appealability ("COA"). He merely filed in the wrong court and included a copy of the FAP.

The objections do not specify any particular portion of the Report Petitioner disagrees with; rather, he appears to only generally object to the Report's overall conclusion that the FAP is a second or successive petition (Docket No. 13-1 at 27-28). *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("The statute [pertaining to objections review] does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection."). Moreover, while Petitioner claims that "two new grounds have been discovered . . . which are new evidence" (Docket No. 13-1 at 27)—a repeat of an argument already made in the FAP (*see* Docket No. 8 at 9-10)—he has failed to challenge the Report's conclusion that he did not obtain authorization from the Ninth Circuit to file the FAP here first (Docket No. 12 at 6-7). As the Report outlines in detail, the Ninth Circuit has repeatedly denied Petitioner's requests to file second or successive petitions, and no such authorization was approved for filing of the FAP (*id*.). *See, e.g., Doyle v. Fender*, No. CV 17-68-BU-DLC-JCL, 2017 WL 5889804, at *1 (D. Mont. Nov. 29, 2017) ("even if circumstances support [petitioner]'s assertion that his claim qualifies within the narrow exception to the second or successive habeas petition bar[, such as the claim resting on new law, new evidence, or actual innocence], a prisoner wishing to file a successive habeas petition in federal district court must first receive authorization from the Court of Appeals"); *Tierney v. Abercrombie*, No. 1:11-CV-00246 LEK, 2012 WL 3776487, at *6 (D. Haw. Aug.

29, 2012) (court may not consider "general claim of 'new evidence,' . . . absent authorization from the Ninth Circuit).

Accordingly, Petitioner's objections are overruled. The Court accepts the Report and adopts it as its own findings and conclusions. Judgment shall be entered **DISMISSING** this action without prejudice because the FAP is an unauthorized second or successive petition under 28 U.S.C. § 2244(b)(2).

Finally, for the reasons stated in the Report and this Order, Petitioner's COA Request (Docket No. 13-1 at 26) is **DENIED**. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated: August 18, 2023

MICHAEL W. FITZGERALD
United States District Judge